(No. 4340—)

STANLEY J. HELENIAK, Claimant, *vs.* STATE OF ILLINOIS,. Respondent.

*Opinion filed September 7, 1951.*
*Supplemental opinion filed January 8, 1952.*

GUSTAVE E. RIEDL, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Stanley J. Heleniak, was employed by the Division of Highways as a sign erector at a salary of $322.00 per month on April 16, 1949, and worked continuously at said position until December 2, 1949, earning a total of $2,543.10.

Claimant, while loading a truck with equipment at about 10:00 A.M. on December 2, 1949, and while

lifting a tool box collapsed. He was taken to a hospital, and his ailment was diagnosed as acute myocardial infarction. He was off work until February 8, 1950, and on his return was given light work because of his precarious heart condition. On May 3, 1950, while at home, claimant suffered another heart attack. From the record it is shown that on about June 23, 1950 he was able to return to light work, but was not reemployed by the department.

There are no jurisdictional disputes involved. Claimant's earnings for the year preceding the injury would be predicated on the basis of $3,864.00. He was married, and on December 2, 1949 had three children under 16 years of age dependent on him for support. The medical testimony showed, without dispute, that his heart condition arose out of and in the course of his employment, and has resulted in a permanent partial disability. Claimant was temporarily totally disabled from December 3, 1949 to January 7, 1950, and from May 3, 1950 to June 23, 1950. Previous to the heart attack on December 2, 1949, claimant had enjoyed good health, and had never suffered any previous heart attacks. The record further discloses that after June 23, 1950, he went to work in the Recorder's Office as an errand boy, and was earning $250.00 a month.

The evidence shows, without contradiction, that claimant has sustained a loss of earnings of $16.60 a week due to his injury.

Under the recent pronouncements of this Court, claimant is entitled to an award for permanent partial disability.

William J. Cleary & Co. has submitted a bill in the amount of $68.00 for stenographic services, which the Court finds reasonable.

On the basis of this record, we make the following award:

Claimant is entitled to an award under Section 8 (d) of the Workmen's Compensation Act for permanent partial disability and for temporary total disability.

The following award is entered in favor of claimant, Stanley J. Heleniak:

> The sum of $447.43 for temporary total disability for a period of 16 4/7 weeks, covering the period of December 3, 1949 through February 7, 1950 and from May 3, 1950 through June 22, 1950, a total period of 16 4/7 weeks, at a compensation rate of $27.00 per week. Of this amount $382.49 has been paid, leaving a balance due claimant in the amount of $64.94, which is payable forthwith.
>
> The sum of $6,730.88, being calculated in accordance with Section 8 (d) of the Workmen's Compensation Act within the limitations therein prescribed. and being at the rate of $16.18 per week for 416 weeks, to be paid as follows:
>
> $1,019.34, which has accrued through September 7, 1951, and is payable forthwith.
>
> $5,711.54, which is payable in weekly installments of $16.18 per week, beginning on September 14, 1951, for a period of 354 weeks.

An award in the amount of $68.00 is also made in favor of William J. Cleary & Co. for stenographic services.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".

SUPPLEMENTAL OPINION

SCHUMAN, C. J.

The Court, in its opinion filed on September 7, 1951, awarded claimant the sum of $6,730.88 for total partial disability, and also allowed $447.43 for temporary total disability. Attention was called to the Court by the respondent in its petition for rehearing that the total amounts for both could not exceed the amount of

a death award. The contention of the respondent is correct, and a total of 28 6/7 weeks will have to be deducted from the award for total partial disability, leaving a period of 387 1/7 weeks to be paid at the rate of $16.18, commencing the last day of temporary total disability.

The award is modified as follows:

The sum of $447.43 for temporary disability; of this amount $382.49 has been paid, leaving a balance of $64.94, which is payable forthwith.

The sum of $6,263.97, being calculated in accordance with Section 8 (d) of the Workmen's Compensation Act, and being at the rate of $16.18 per week for 387 1/7 weeks, to be paid as follows:

$1,303.65, which has accrued through January 7, 1952, and is payable forthwith.

$4,960.32, which is payable in weekly installments of $16.18 per week, beginning on January 15, 1952, for a period of 306 weeks, with one final payment of $9.24.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".